**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Dorsey Howard, Jr.,** | **Civil No. 07-1792 (JRT/JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **City of Edina,** **Michael Siitari,** **Eric Kleinberg,** **Minneapolis Police,** | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This matter comes before the undersigned on a motion, by defendant Eric Kleinberg, to dismiss for failure to state a claim (Doc. No. 18). Plaintiff Dorsey Howard is proceeding on his own behalf. Defendant Eric Kleinberg is represented by Jonathan P. Norrie, Esq. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(a).

By a report on June 5, 2007, this Court recommended that all claims against defendants City of Edina, Michael Siitari, and the Minneapolis Police be dismissed. Now the remaining defendant, Eric Kleinberg, moves to dismiss for failure to state a claim.

**I.   BACKGROUND**

As this court previously noted in the June 5 report, the allegations in Howard's amended complaint are difficult to understand. For instance, though it is clear Mr. Kleinberg (Kleinberg) is a police officer, the amended complaint does not clearly state whether he works for the Edina

Police Department or the Minneapolis Police Department. From a careful reading of Howard's amended complaint, the allegations against Kleinberg may be summarized as follows.

The earliest event took place on December 21, 2004. Mr. Howard (Howard) claims that when he called the Edina Police Department and reported child abuse, Kleinberg "had [him] arrested." The arrest evidently led to a criminal prosecution, where Howard was acquitted.

Howard further alleges that, on February 19, 2005, Kleinberg's niece visited him at his residence, in violation of an order for protection, and assaulted him. Howard then asserts that, because of the relationship between Kleinberg and his niece, she was never prosecuted for the assault or for drunk driving.

For the next incident, which occurred on September 10, 2005, Howard claims Kleinberg entered his residence without a warrant and shot his dog.

Then on January 26, 2006, Kleinberg directed another officer to arrest Howard, without probable cause, and to take Howard to his residence. When Howard arrived, Kleinberg used a forged search warrant to justify a search of Howard's residence without probable cause. About a week later, on February 1, 2006, Kleinberg returned to Howard's residence with another forged search warrant for another search. Howard further alleges, without additional explanation, that Kleinberg made threats and denied Howard his rights.

Other allegations relate to subsequent criminal proceedings against Howard, which the amended complaint does not explain in meaningful detail. Regarding this prosecution, Howard claims that Kleinberg fabricated evidence and lied about fingerprints on a firearm.

In his amended complaint, Howard does not specify the legal basis for his claim against Kleinberg. Because his original complaint cites 42 U.S.C. § 1983 in the caption, and because his amended complaint mentions the Fourth and Fourteenth Amendments, it may be inferred that he

seeks relief under the statute for constitutional violations. In his current motion, Kleinberg does so, and this Court will do so as well.

## II.     DISCUSSION

### A.     Standard of Review

Kleinberg moves to dismiss, under Rule 12(b)(6), for failure to state a claim. Under this rule, a defendant dismiss for failure to state a claim where the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). When deciding this issue, a court examines the complaint, taking all reasonable inferences for the nonmoving party. *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

There are two specific issues, regarding this standard of review, that surface later in this report. One is the appropriate record to be considered. As this Court just noted, on a motion for failure to state a claim, a court usually considers the allegations in the complaint. This means that a court cannot examine other evidence submitted by the parties, outside the complaint itself. *BJC Health System v. Columbia Cas. Co.*, 348 F.3d 685, 687-88 (8th Cir. 2003). But under an exception to this rule, a court may take notice of records in other court proceedings. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

Kleinberg also devotes some discussion to the effect of *Bell Atlantic v. Twombly*, a recent decision from the U.S. Supreme Court, on the standard of review. 127 S.Ct. 1955 (2007). As he correctly observes, the Court emphasized the plaintiff's obligation to allege sufficient facts in the complaint to support the elements of each claim. *Id.* at 1969-70.

This ruling was significant because the Court reconsidered its prior ruling from *Conley v. Gibson*, where it concluded that a complaint states a claim "unless it appears beyond doubt" that

3

the plaintiff has no facts to prove the claim.  355 U.S. 41, 45-46 (1957).  The *Bell Atlantic* Court found the rule of *Conley* unnecessarily lax, but as a practical matter, it also noted that courts had long since abandoned the rule in substance.  127 S.Ct. at 1970.  So decisions that precede *Bell Atlantic*, and that apply the standard for failure to state a claim, still remain persuasive here.

      B.      **Adequacy of Allegations**

Arguing from the standard of review, Kleinberg generally contends that the allegations in the amended complaint are not enough to state a claim.  He further describes the allegations as "implausible" and suggests that they cannot establish the constitutional violations that Howard claims here.  But Kleinberg does not specifically explain how the allegations in the amended complaint are deficient.

To answer this question, it is useful at the outset to categorize the claims in the amended complaint.  In chronological order, the December 21, 2004 incident may be characterized as false arrest.  The February 19, 2005 incident may be called a failure to prosecute.  The events on September 10, 2005, January 26, 2006, and February 1, 2006 involve claims of illegal entry.  And the ensuing claims, which are not dated or explained in detail, appear to allege the use of false evidence in a criminal prosecution.

Few authorities discuss what allegations are sufficient to establish claims, for any of the previously described theories, under § 1983.  But it is possible to discern a few general rules.

For false arrest, it is enough to allege a defendant arrested the plaintiff without probable cause.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001); *Sartin v. Comm'r of Public Safety*, 535 F.2d 430, 434 (8th Cir. 1976).  Even when all reasonable inferences are taken from the amended complaint, there are no allegations that either describe the arrest or connect Kleinberg to the arrest.  This claim is appropriately dismissed.

4

To the extent that the February 19 incident may be treated as an improper prosecution, it is sufficient to note that Kleinberg is not a prosecutor, and there is no indication he influenced the decision not to prosecute. Assuming for the sake of argument that Howard is proceeding on a theory of selective prosecution, he also fails to allege how he was wrongfully prosecuted but a similarly situated third person was not. *See United States v. Leathers*, 354 F.3d 955, 962-63 (8th Cir. 2004) (considering theories of vindictive prosecution and selective prosecution). For these reasons, this claim is appropriately dismissed as well.

For illegal entry, much like false arrest, it is sufficient to allege a defendant interfered with the plaintiff's property without legal justification. *Watson v. Abington Township*, 478 F.3d 144, 151-52 (3d Cir. 2007); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 387 (5th Cir. 1985); *cf. Andrews v. City of West Branch*, 454 F.3d 914, 918 (8th Cir. 2006) (holding that shooting of dog may constitute unconstitutional seizure of property). Taking his amended complaint with all reasonable inferences in his favor, Howard claims that Kleinberg entered his residence on several occasions without just cause, and on one occasion shot his dog. Howard also supplies specific allegations about each incident, which is enough to survive dismissal in this context.

Kleinberg separately argues regarding the September 10 incident, the shooting of the dog. Relying on affidavits and supporting exhibits, Kleinberg claims that he was not there when the shooting occurred. Because these documents are outside the complaint, however, they may not be considered under the standard of review for failure to state a claim.[1] Even if these documents

---

[1] On a motion to dismiss for failure to state a claim, if the parties rely on documents other than the complaint, a court has discretion to convert the motion into one for summary judgment. Under the standard of review for summary judgment, such documents may then be considered. Because Kleinberg did not propose that his motion be converted into one for summary judgment, Howard did not have notice of the standard of review for summary judgment, and he thus had no opportunity to present affidavits about the September 10 incident. For these reasons, this Court

5

were properly considered, the record must be taken with reasonable inference in Howard's favor, which here means his amended complaint is taken as true. To the extent Kleinberg disputes the account of the September 10 incident, he cannot obtain dismissal.

The remaining allegations may be characterized as a claim that false evidence was used in a criminal prosecution. To establish a due process violation under this theory, a plaintiff must show that officers knowingly used false evidence to obtain a conviction. *See Wilson v. Lawrence County*, 260 F.3d 946, 954 (8th Cir. 2001); *United States v. Peterson*, 223 F.3d 756, 763 (8th Cir. 2000).

Howard only offers a few conclusory allegations to support such a claim. His amended complaint lacks allegations about the conviction itself, or how false evidence was fabricated or used. Even with reasonable inferences in his favor, these allegations are insufficient, and it is appropriate to dismiss this claim.

### C.   Collateral Challenge to Conviction

Kleinberg next argues that, because Howard is essentially challenging the facts in support of a conviction, his remedy is through criminal procedure rather than a civil action under § 1983.

Some additional background will assist discussion of this argument. Because Howard's amended complaint does not discuss his conviction in meaningful detail, it is necessary to look beyond that document. But as noted beforehand, on a motion to dismiss for failure to state a claim, a court may take notice of records in other court proceedings. Kleinberg has submitted an order, by a Minnesota district court, which sheds some light on the issues here.

The order shows that Howard was prosecuted for illegal possession of a firearm. In this prosecution, the evidence was based on discoveries made during the searches on January 26 and

---

declines to convert the motion to dismiss into one for summary judgment. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992).

February 1. Howard was found guilty on December 12, 2006 and subsequently imprisoned. *See* Aff. of J. Norrie, Oct. 26, 2007, Exh. A (Order, *State v. Howard*, No. 06007516 (Minn. Dist. Ct. Dec. 12, 2006).

To the extent that Howard is challenging the entries on January 26 and February 1 before this Court, he revisits issues that were litigated during his prosecution for illegal possession of a firearm. Although this Court previously concluded that Howard has no claims founded on false evidence, it may be inferred that this claims relate to this prosecution as well.

Regarding these claims, Kleinberg relies on the decision of the U.S. Supreme Court in *Heck v. Humphrey*. 512 U.S. 477 (1994). It ruled that, if a plaintiff brings action under § 1983 regarding conduct that will invalidate the plaintiff's conviction, the plaintiff must initially allege that the conviction was previously reversed or overruled. *Id.* at 486-87.

If evidence from the challenged conduct was suppressed in the criminal proceeding, but the absence of this evidence does not necessarily invalidate the conviction, then a claim against that conduct may still be brought under § 1983. *Whitmore v. Harrington*, 204 F.3d 784, 784-85 (8th Cir. 2000) (per curiam); *Moore v. Sims*, 200 F.3d 1170, 1172 (8th Cir. 2000). Conversely, where evidence from the challenged conduct directly leads to the conviction, action under § 1983 is barred by *Heck*. *See Anderson v. Franklin County*, 192 F.3d 1125, 1131 (8th Cir. 1999).

According to the order from the state court prosecution, the searches on January 26 led to the search on February 1, when the incriminating firearm was found. It also appears that, where Howard alleges that Kleinberg fabricated evidence, his claims relate to this firearm. If any part of this conduct was invalidated, it would have resulted in suppression of a the firearm, which was the key evidence for conviction.

7

Public court records establish that, as of the issuance of this report, a direct appeal of this conviction is pending before the Minnesota Court of Appeals. *See State v. Howard*, No. A07-838 (Minn. App.). Because Howard's conviction has not been reversed or called into question, he cannot bring claims under § 1983 that collaterally challenge the evidence for that conviction. These claims are appropriately dismissed.

Some additional comment is required by the recent decision of the U.S. Supreme Court in *Wallace v. Kato.* 127 S.Ct. 1091 (2007). The court held that, where a criminal defendant brings an action under § 1983 prior to a judgment of conviction, and the action challenges some of the evidence that may result in conviction, a court should stay the § 1983 action until the criminal proceedings are resolved. *Id.* at 1098.

As ensuing cases observe, the rule of *Wallace* only supersedes *Heck* when a judgment of conviction has yet to issue. *See, e.g., Fox v. DeSoto*, 489 F.3d 227, 234 (6th Cir. 2007); *Valencia v. Reyna*, No. 07-1294, 2007 WL 2320077 at *6 (D.Ariz. Aug. 10, 2007); *Delaney v. Johnson City*, No. 06-137, 2007 WL 4365785 at *2 (E.D.Tenn. Dec. 12, 2007).

For Howard's firearms offense, the judgment of conviction issued on February 12, 2007. Notice, *State v. Howard*, No. A07-838 (Minn. App. Apr. 24, 2007). Howard brought this action on April 10, 2007. As Howard brought his action after the judgment of conviction, *Wallace* does not apply and this Court need not entertain a stay here.

**D.   Official Capacity; Municipal Policy or Custom**

In his amended complaint, Howard does not specify whether he is suing Kleinberg in his individual capacity or his official capacity. Kleinberg asserts that, without such specification, it must be treated as an official-capacity claim, which means that the actual party in interest is his

8

employer. He then argues that, because the complaint lacks any allegations about the policies or customs of his employer, it cannot be held liable.

It is well established that, when a plaintiff brings action under § 1983 but fails to specify whether suit is against a defendant in an individual or official capacity, it is deemed to be against that defendant only in an official capacity.[2] *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). When suit is brought against an officer in an official capacity, the suit is instead treated as an action against the municipality. *Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004).

A municipality cannot be held liable for the misconduct of its employee simply due to the relationship between the municipality and the employee. There must be some indication that the employee acted in accordance with a policy or custom of the municipality. *Brockington v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986-87 (8th Cir. 2006). So where an employee is sued in an official capacity, but the complaint does not allege that the employee acted pursuant to a policy or custom of the municipality, it is proper to dismiss for failure to state a claim. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (applying a similar rule on summary judgment).

Even when all reasonable inferences are taken from the amended complaint, there are no allegations regarding the policies or customs of Kleinberg's employer. For this reason, Howard

---

[2] Some decisions from this District reflect inconsistencies in the application of this rule. *Compare Miskovich v. Indep. Sch. Dist. No. 318*, 226 F.Supp.2d 990, 1013 (D.Minn. 2002) (suggesting that the rule should not be applied where the allegations in the complaint focus on individual conduct, or where the plaintiff has not had a reasonable opportunity to cure the complaint), *with Lopez-Buric v. Notch*, 168 F.Supp.2d 1046, 1050 (D.Minn. 2001) (finding that, where the complaint generally alleges official conduct, it is appropriate to stringently apply the rule). Because more recent Eighth Circuit cases consistently support stringent application of the rule, this Court will do the same. *See Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007); *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005).

does not state any claims against Kleinberg. Unlike Kleinberg's preceding arguments, this issue fully disposes of all the claims that Howard has against Kleinberg, and it supplies reason to grant the motion to dismiss in its entirety.

### E. Failure to Plead Demand for Judgment

Kleinberg's remaining argument is that, because the amended complaint lacks a demand for judgment, Howard fails to state a claim. In support of this argument, Kleinberg relies on the decision of the District of Nevada in *Conkey v. Reno*. The court ruled that where a plaintiff did not demand equitable relief in the complaint, the plaintiff's claims for such relief were properly dismissed for failure to state a claim. 885 F.Supp. 1389, 1392-93 (D.Nev. 1995). But this case does not stand for the broader proposition, urged by Kleinberg, that failure to plead a demand for judgment is fatal to the complaint.

Most published cases in this area hold that, because a demand for judgment is not part of the claim, a defective demand for judgment does not supply cause to dismiss for failure to state a claim. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *U.S. Commodity Futures Trading Comm'n v. Bradley*, 408 F.Supp.2d 1214, 1223 (N.D.Okla. 2005); *Cassidy v. Millers Cas. Ins. Co.*, 1 F.Supp.2d 1200, 1214 (D.Colo. 1998); *Babcock v. Frank*, 729 F.Supp. 279, 286 (S.D.N.Y. 1990); *cf. Beebe v. Williams Coll.*, 430 F.Supp.2d 18, 22 (D.Mass. 2006) (ruling that motion to dismiss was proper means to challenge emotional distress damages); *Dupree v. Lubbock County Jail*, 805 F.Supp. 20, 20 (N.D.Tex. 1992) (concluding that without a demand for judgment, only equitable relief is demanded). Consistent with the majority rule, this Court does not recommend that this matter be dismissed due to Howard's failure to plead a demand for judgment.

### III. CONCLUSION

For his § 1983 claims, Howard advances theories of false arrest, illegal entry, failure to prosecute, and use of false evidence. There is no apparent legal basis for the claim for failure to prosecute. The allegations in the complaint are not enough to support the theories of false arrest or use of false evidence, but there are allegations to support the theory of illegal entry.

Except for one of the purported entries—the shooting of the dog—all resulted in evidence that led to Howard's conviction for illegal possession of a firearm. Because that conviction is not currently in doubt, he cannot collaterally challenge the illegal entries by bringing this action under § 1983. So these claims may be dismissed for this reason.

Notwithstanding the piecemeal resolution of some of his claims, Howard generally fails to allege whether he is suing against Kleinberg in his individual capacity or his official capacity. For this reason, the claims against Kleinberg are official-capacity claims, which are accordingly treated as claims against his employer. As the complaint lacks allegations regarding the policies or customs of his employer, his employer cannot be held liable. All claims against Kleinberg may be dismissed for this reason. This Court concludes, therefore, that Kleinberg's motion to dismiss should be granted.

### IV. CONCLUSION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Kleinberg's motion to dismiss (Doc. No. 18) be **GRANTED.**

2. All claims against Kleinberg be **DISMISSED WITH PREJUDICE.**

Dated this 15th day of January, 2008.

S/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

11

12

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **February 8, 2008**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.