UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DORSEY HOWARD, JR., | Civil No. 07-1792 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION WITH MODIFICATIONS** |
| CITY OF EDINA, MICHAEL SIITARI, OFFICER ERIC KLEINBERG, and MINNEAPOLIS POLICE, | |
| Defendants. | |

Dorsey Howard, Jr., #206000, MCF – Rush City, 7600 525th Street, Rush City, MN 55069, plaintiff *pro se*.

Jonathan P. Norrie and Mark P. Hodkinson, **BASSFORD REMELE, PA**, 33 South Sixth Street, Suite 3800, Minneapolis, MN 55402, for defendant Eric Kleinberg.

Plaintiff Dorsey Howard, Jr. filed this *pro se* action against defendants alleging violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983. The case is before the Court on defendant Eric Kleinberg's motion to dismiss for failure to state a claim. In a Report and Recommendation dated January 25, 2008, United States Magistrate Judge Jeanne J. Graham recommended that this Court grant Kleinberg's motion and dismiss this action with prejudice. Plaintiff filed objections to the Report and Recommendation, and the Court has conducted a *de novo* review of those objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed

below, the Court adopts the Report and Recommendation with modifications and grants Kleinberg's motion to dismiss.

## BACKGROUND

Plaintiff alleges generally that defendant Kleinberg[1] has engaged in a series of retaliatory incidents against plaintiff stemming from plaintiff's relationship with Kleinberg's niece.  For example, plaintiff first alleges that Kleinberg arrested him after he called the Edina Police Department on December 21, 2004 to report that the niece was abusing plaintiff's son.  Plaintiff's arrest led to a criminal prosecution for assault, in which plaintiff was ultimately acquitted.  According to the amended complaint, on February 19, 2005, Kleinberg's niece violated an order for protection and visited plaintiff at his residence, where she assaulted him.  Plaintiff alleges that the niece was never prosecuted due to her relationship with Kleinberg.

On September 10, 2005, plaintiff alleges that Kleinberg entered plaintiff's residence without a warrant and shot his dog.  Plaintiff further alleges that on January 26, 2006, Kleinberg directed another police officer to arrest plaintiff without probable cause and to take plaintiff to plaintiff's residence.  When plaintiff arrived home, Kleinberg used a forged search warrant to search plaintiff's residence, where Kleinberg discovered items matching a description of recently stolen items.  Kleinberg allegedly returned to plaintiff's home on February 1, 2006, conducted another search with a forged search

---

[1] It is unclear from plaintiff's complaint whether Kleinberg is a police officer for the City of Minneapolis or the City of Edina.

warrant, and discovered a sawed-off rifle.  Plaintiff was charged and convicted in state court for the crime of felon in possession of a firearm.[2]  Plaintiff alleges that Kleinberg fabricated evidence used against him during the trial.

Although plaintiff's amended complaint does not specify the legal basis for his claim against Kleinberg, plaintiff appears to allege violations of his Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983.  Kleinberg filed this motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing in part that plaintiff's amended complaint did not provide a clear factual basis for a claim against Kleinberg and did not state the legal basis for any such claim.  The Magistrate Judge recommended that this Court grant Kleinberg's motion, and plaintiff's objections followed.

## ANALYSIS

### I.   STANDARD OF REVIEW

In reviewing a complaint under a Rule 12(b)(6) motion to dismiss, the Court considers all facts alleged in the complaint as true, and construes the pleadings in a light most favorable to the plaintiff, as the non-moving party.  *See, e.g.*, *Bhd. of Maint. of Way Employees v. Burlington N. Santa Fe R.R.*, 270 F.3d 637, 638 (8th Cir. 2001).  A motion to dismiss a complaint should not be granted unless it appears beyond a doubt that plaintiff can prove no set of facts that would entitle plaintiff to relief.  *Coleman v. Watt*,

---

[2] Plaintiff is currently serving his term of imprisonment at the Minnesota Correctional Facility in Rush City, Minnesota.  He is set for release in 2009.

40 F.3d 255, 258 (8th Cir. 1994). However, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff must state "a claim to relief that is plausible on its face." *Id*. at 1974.

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Horsey v. Asher*, 741 F.2d 209, 211 n.3 (8th Cir. 1984). Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177, 1183 (8th Cir. 1981).

## II.   PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION

The Magistrate Judge examined each of plaintiff's claims and ultimately determined that plaintiff's amended complaint failed to state a claim against Kleinberg under a theory of official capacity.[3] A civil rights action under 42 U.S.C. § 1983 that fails to specify whether the suit is against a defendant in an individual or official capacity is deemed to be against that defendant in his official capacity. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).[4] When an action is brought against an officer in

---

[3] The Magistrate Judge also addressed the adequacy of each of plaintiff's claims against Kleinberg. Based on a careful review of the pleadings in this case, the Court agrees with the Magistrate Judge that, with the exception of the alleged dog incident, plaintiff's amended complaint fails to include specific facts or allegations with respect to plaintiff's claims, making dismissal appropriate under Rule 12(b)(6).

[4] As noted by the Magistrate Judge, decisions from this District reflect inconsistencies in the application the *Egerdahl* decision. *See, e.g.*, *Miskovich v. Indep. Sch. Dist. No. 318*, 226 F. Supp. 2d 990, 1013 (D. Minn. 2002). Recent Eighth Circuit decisions have supported a

(Footnote continued on next page.)

his official capacity, the suit is treated as an action against the municipality. *Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). However, a municipality or governmental entity cannot be held vicariously liable under § 1983 for the unconstitutional conduct of its agents or employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Rather, a municipality may be held liable under § 1983 only if the plaintiff identifies a particular policy, custom, or practice that resulted in the alleged constitutional violations. *City of Canton v. Harris*, 489 U.S. 378, 386-87 (1989); *Brockington v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007).

Here, the Court agrees with the Magistrate Judge that plaintiff's amended complaint fails to specify whether defendant is being sued in his personal or official capacity. The Court therefore deems plaintiff's claims to be asserted against Kleinberg in his official capacity. *See Egerdahl*, 72 F.3d at 619. Even construing plaintiff's *pro se* pleadings liberally, however, the Court finds that the original and amended complaints contain no factual allegations that identify a policy, custom, or practice on the part of a municipality or governmental entity. Nor has plaintiff alleged facts showing that a municipality's failure to train Kleinberg resulted in the alleged constitutional deprivations. *See Grayson v. Ross*, 454 F.3d 802, 811 (8th Cir. 2006). Plaintiff's

---

(Footnote continued.)

stringent application of the rule. *See Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007); *Larson v. Kempker*, 414 F.3d 936, 939 (8th Cir. 2005).

objections to the Report and Recommendation fail to cure the pleading deficiencies identified by the Magistrate Judge.[5]

Nonetheless, the Court is mindful that *pro se* pleadings must be held to a less stringent standard when challenged by a motion to dismiss. Here, it is unlikely that plaintiff, acting *pro se*, could have anticipated that his failure to specify whether defendant Kleinberg was sued in his personal or official capacity would result in dismissal of his claims under *Egerdahl*. For this reason, the Court finds that plaintiff's complaint should be dismissed without prejudice.[6] The Court therefore modifies the Report and Recommendation only to the extent that it recommends plaintiff's complaint be dismissed with prejudice. In all other respects, the Court adopts the Report and Recommendation and grants Kleinberg's motion to dismiss.

---

[5] Rather than challenge the legal or factual basis of the Report and Recommendation, plaintiff's objections request that this Court appoint counsel for plaintiff in this matter. The Court construes this as a motion to appoint counsel, and denies the motion based on plaintiff's failure to state a claim upon which relief may be granted. *Edgington v. Mo. Dep't of Corrs.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). While plaintiff's request for appointment of counsel is denied, the Court finds that plaintiff's complaint should be dismissed without prejudice, so that plaintiff has an opportunity to seek counsel and to re-file a complaint consistent with this Order.

[6] Plaintiff filed a motion to dismiss without prejudice along with his objections to the Report and Recommendation. The Court grants that motion.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 54] and **ADOPTS with modifications** the Magistrate Judge's Report and Recommendation [Docket No. 53]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss [Docket No.27] is **GRANTED**.

2. Plaintiff's complaint is **DISMISSED without prejudice**. The Report and Recommendation is modified to the extent it recommends that this Court dismiss plaintiff's complaint with prejudice.

**IT IS FURTHER HEREBY ORDERED** that:

3. Plaintiff's motion to dismiss without prejudice [Docket No. 55] is **GRANTED**.

4. Plaintiff's motion for appointment of counsel [Docket No. 54] is **DENIED**.

The Clerk of Court is respectfully directed to mail a copy of this order to the plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 13, 2008　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　United States District Judge